WORTHINGTON PUMP & MACHINERY CO v PIQUA (City)

Ohio Appeals, 2nd Dist, Miami Co

No. 244. Decided May 17, 1929

Mr. A. W. DeWeese, Piqua, for Pump & Mach Co.

Messrs. Bernard S. Keyt, Piqua, and Raymond S. Caulfield, for City.

ALLREAD, J.

This much we assume has been proven; that the Worthington Company secured an assignment from the Shartle Company of the amount of the contract of the former to the extent of the plaintiff in error's claim and had secured the agreement of certain officers of the City for the payment thereof. While the evidence shows that the Service Director had notice of the said assignment of the Shartle Company, it is equally clear that the Public Service Director did not sign an approval of the assignment nor did he commit the City by any writing or agreement on his part for the payment thereof. This is the status so far as the Public Service Director is concerned. The only possible liability of the Public Service Director would be upon the theory of an implied contract.

Section **4328 GC.** provides for an express contract by a municipal corporation for supplies and public works, and that such contract shall be let in the manner therein provided for.

The contract was let to the Shartle Company. No change in the contract could be made except by an express contract. **Section 4334 GC.** provides for contracts, and that

"No liability shall be created against the City as to any matters under the supervision of such director except by his express authority."

In Article 24 of the contract under consideration it is provided that:-

"Said contractor agrees that he will not assign or sub-let the work or any part thereof, without the previous written consent of the said Director of Public Service, and will not assign, by power of attorney or otherwise, any of the moneys payable under this contract unless by and with the like consent of said Director of Public Service, any of the moneys payable under this contract, nor to any moneys due and to become due hereunder, shall be asserted in any manner against the first party, or any person or persons acting under it, by reason of any so-called assignment of this contract, or any part thereof, unless such assignment shall have been authorized by the written consent of the said Director of Public Service."

A mechanic's lien was taken by the Scioto Valley Supply Company and was paid by a voucher dated January 14, 1927. This mechanic's lien would have been payable in any event as it was a lien which Shartle was obligated to pay and which by reason of the mechanic's lien superceded all contracts. The amount of this claim was $2214.97.

There were certain items which had been allowed and paid to the Shartle Company which would have been sufficient to have satisfied the claim now made by the Worthington Company.

The question is, therefore, whether the City of Piqua was bound by the assignment of claim by the Shartle Company to the Worthington Company in the absence of an express agreement to pay the said assignment to the Worthington Company by the Director of Public Service, and whether the mere knowledge of said assignment upon the part of the Director of Public Service in connection with the other facts surrounding the said transaction was sufficient to create a liability upon the part of the Director of Public Service. While we think that the circumstances surrounding this assignment would be sufficient evidence of an implied contract on the part of such Director of Public Service and would be sufficient if the case were between individuals, yet in the case of the Director of Public Service, we think there is no sufficient evidence to bind him and that the judgment in the court below was properly rendered in favor of the City.

Kunkle and Hornbeck, JJ, concur.